## BRAND v. ODOM et ux.

(Court of Civil Appeals of Texas. Dallas. April 12, 1913.)

1. PRINCIPAL AND AGENT (§ 157*) — POWERS OF AGENT—REPRESENTATIONS OF AGENT.

In a vendor's action to rescind a sale of land, the declarations and false representations of an agent acting for both parties as to the title and location of land securing notes given by the purchaser, made within the scope of his authority, and which were but repetitions of statements made to him by the purchaser, were admissible against the purchaser; the rule invoked against an agent acting adversely to the interests of his employer having no application.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 588; Dec. Dig. § 157.*]

2. VENDOR AND PURCHASER (§ 38*)—VENDOR'S MISREPRESENTATION AND FRAUD AS TO TITLE.

Where a purchaser, if possessed of any information as to his title to the land securing his notes given for the land he bought, and the incumbrances thereon, knew that he was wholly without title, his representations of good title to the land were fraudulent; and, if he knew nothing at all about the title, his representations were equally fraudulent, and the fact that he believed he had a good title would not change the rights of the vendor who believed such representations to be true and relied thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 61–65; Dec. Dig. § 38.*]

3. VENDOR AND PURCHASER (§ 44*)—VENDOR'S ACTION TO RESCIND—SUFFICIENCY OF EVIDENCE—RELIANCE UPON FALSE REPRESENTATIONS.

Evidence in a vendor's action to rescind a sale of land *held* sufficient to show that he relied upon false representations of the purchaser, but for which he would not have made the sale.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. § 44.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by A. A. Odom and wife against J. D. Brand. Judgment for plaintiffs, and defendant appeals. Affirmed.

Tom P. Whipple, of Waxahachie, for appellant. Farrar & McRae, of Waxahachie, for appellees.

RASBURY, J. On July 29, 1910, appellees owned in fee simple 185 acres of land in Smith county, a particular description of which is unimportant, and on that day conveyed same by general warranty deed to appellant. On December 23, 1910, following, appellees sued the appellant in the district court of Ellis county, alleging that said land was conveyed to appellant in consideration of appellant's note for $150, secured by lien on the said land and the transfer and delivery to appellees of three vendor's lien notes for $500 each, executed by A. C. Clark to J. J. Wearring and claimed to be secured in payment by the vendor's lien on lands situated near the town of Pauls Valley, Okl.; appellant claiming to have purchased same from the payee therein. Appellees sought to rescind said conveyance to appellant on the ground: (1) That the last three notes above described were fictitious and fraudulent, since J. J. Wearring never had owned the land upon which they purported to be a lien; (2) because appellant falsely and fraudulently represented said notes to be secured in payment by a valid and subsisting vendor's lien on said land, which representations were wholly untrue and fraudulent; (3) because appellant falsely and fraudulently represented that the land securing payment of said notes was situated within two miles of Pauls Valley, while in truth it was distant 14 miles from said town and poor security for said notes, whereas had it been situated as represented it would have been ample security for said debt; (4) because appellant falsely represented that said lands were free of all incumbrance other than the debt transferred to appellees, while in truth there was a prior mortgage upon said lands for approximately $1,400 for the foreclosure of which a suit was then pending in Oklahoma courts; (5) and that all of said representations were material and relied upon by appellees and deceived them and induced them to make said conveyance. Appellees also alleged that the parties could be placed in statu quo and accordingly prayed for a rescission of the conveyance, tendering into court the notes received by them. Appellant answered by the general denial. There was a trial without jury and judgment for appellees as prayed. No conclusions of law and fact were filed, and the case is here on the pleadings and a statement of facts.

[1] The only assignment of error contained in appellant's brief is that the evidence did not warrant a rescission of the sale of the land to appellant for the reason that the evidence upon which the judgment was based was the testimony of one Stroud, who was the agent of both parties in the transaction, and his declarations and representations were inadmissible to bind appellant, and to the admission and consideration of which appellant objected and saved his bill of exceptions. An inspection of the evidence shows that Stroud was the agent of both parties and did make the representations concerning the notes and the title and location of the land alleged in the petition, which we have set out above, and that appellees relied thereon and was thereby induced to make the trade, and that Brand made the said representations to Stroud, who repeated them to appellees.

The fact, however, that Stroud was agent for both appellant and appellees in making the exchange of properties does not, in this case at least, present great difficulties. Most courts, it is true, hold that agents cannot

recover commissions or fees for services in effecting sales or exchange of lands or for performing other like services when acting for both parties. Such a dual capacity is held to be opposed to public policy for the reason that it places the agent under the influence of a direct inducement to violate the confidence reposed in him by another. Also such agents in law are held to do that which is for the best interests of his employer, and that he cannot do when he represents two persons whose interests are essentially adverse. Ramspeck v. Pattillo, 104 Ga. 772, 30 S. E. 962, 42 L. R. A. 197, 69 Am. St. Rep. 197; 31 Cyc. 1572. But in the instant case the rule is invoked, not against an agent who has acted adversely toward the interests of his employer, but for the purpose of preventing the agent from testifying to representations made to him by his principal concerning the property he had authorized the agent to offer in exchange for the lands of appellee. We think the rule is in no sense applicable. It is not shown that Stroud acted adversely to either appellant or appellee or falsely represented the facts, since he did not pretend to know them. On the contrary, he but repeated statements made to him by appellant which were relied upon by appellee, and which were false at the time appellant made them, and, being false and misleading, we are unable to see that such statements are any less admissible in evidence because Stroud was the agent of both parties, since he not only acted within the apparent scope of his authority as agent for both, but in repeating the false statements made to him by appellant concerning the notes and the title to the land he seems to have been all but literal. Had he misrepresented what appellant said to him, it might present another question. Appellant did not deny the statements of Stroud, and, having misrepresented to Stroud the status of the property he sought to have him sell, the law infers he acted fraudulently, and, for the purpose of securing an advantage and as a consequence, his declarations are admissible in evidence.

[2, 3] Aside from the question of law raised by the dual relation of Stroud, the record, in our opinion, furnishes sufficient evidence to sustain the verdict without taking into consideration the statements of the agent, since it shows that before the trade was completed, and while appellant and appellee and Stroud were at the farm of appellees in Ellis county, the agent told appellant what he had represented to appellee and at the same time asked appellant if it was true that the land he was trading appellees was two or three miles from Pauls Valley, if it was good land, and if the three $500 notes was all the indebtedness against it, and to which questions appellant said, "That was right." Appellee, who was present, also testified, in substance, to the same conversation.

Appellant did not testify upon trial of the case. Further, the abstract of title to the land which appellant represented secured payment of the notes and which is made a part of the statement of facts by agreement of counsel shows that, at the time the notes were transferred to Odom, there was a trust deed upon record against said land given to secure payment of notes aggregating $1,200, as well as a second trust deed securing payment of note for $126, and the supplement thereto, made and prepared subsequent to the trade, shows that the lien securing said notes was foreclosed in June, 1910. Nor is that all. The abstract of title shows that J. J. Wearring, who appellant represented had owned the land and sold same to Clark, taking from him the three notes traded to appellee, never at any time had title to the land. If appellant possessed any information about his title to the land and the incumbrances thereon, he knew that he was wholly without title at all, and knew the representations made to appellee were false. If he knew nothing at all about the title, his representations were equally false. The statements made by appellant to appellee were in effect representations that would constitute good title to the land securing payment of the notes. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. Nor would the fact that appellant believed he had a good title change the situation if appellee believed the representations to be true and relied on same. Buchanan v. Burnett, supra, and cases cited. The fact that the abstract of title was delivered to appellee is also unimportant for the reason that as far as it goes it correctly portrays the title, while the false representations were in relation to matters not shown by the abstract, though we think, as stated, the real issue is whether appellee relied upon the false representations of appellant and would not have made the purchase but for same. The evidence sustains such a conclusion.

The judgment is affirmed.