Anita MANVILLE, Appellant,

v.

Candace Mossler GARRISON et al., Appellees.

No. 1381.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 23, 1976.

Rehearing Denied July 14, 1976.

George M. Bishop, Houston, for appellant.

David H. Berg, Lackshin, Nathan & Berg, Houston, for appellee.

COULSON, Justice.

This is a breach of contract suit.

Anita Manville sued Candace Mossler Garrison and Candace Mossler Enterprises for breach of a contract concerning screen rights and a screen play based upon a biography by Anita Manville entitled *The Lives and Wives of Tommy Manville*. Judgment was entered for the appellant, Anita Manville, in the amount of $26,300 with interest and court costs. We affirm.

**820**

Appellant entered an oral contract on March 5, 1973 with appellee, Candace Mossler Garrison, requiring appellee to pay $60,000 for a screen play, screen rights, and releases for a prospective movie based on appellant's book. On March 14, 1973 a second contract in writing was entered into by the parties concerning the same subject matter. A final contract in writing was entered by the parties concerning the same subject matter with certain modifications on March 15, 1973.

After a jury trial, judgment was entered that the contract of March 15, 1973 is in full force and effect and that subsequent rights of the parties shall be subject to the contract. For the breach of the March 15, 1973 contract, the court ordered appellee to pay $26,300 with interest and court costs. Appellant levied execution on the judgment and was paid the total amount of $31,-871.44.

By this appeal, appellant seeks to attack the judgment from which she has benefitted by levy of execution. It is settled that:

> Accepting the fruits of a judgment and thereafter appealing therefrom are totally inconsistent positions, and the election to pursue one course is deemed an abandonment of the other.

*Kaiser v. Standard Oil Co. of New Jersey,* 89 F.2d 58, 59 (5th Cir. 1937). It is clear that appellant has by levy of execution accepted the fruits of the trial court's judgment which is predicated on its finding that there has been a breach by appellee of the March 15, 1973 contract still in full force and effect.

Appellant's attack on the judgment from which she has benefited will not be considered. A litigant may not treat a judgment as both right and wrong. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1003 (1950). *See also, Gaulding v. Gaulding,* 256 S.W.2d 684 (Tex.Civ.App.—Dallas 1953, no writ).

We have examined appellant's points of error and find them without merit.

Affirmed.