**RIVER AND BEACH LAND CORPORATION and Chulavista Land Investment Co., Inc., Appellants,**

v.

**W. H. O'DONNELL, Trustee, and Joe G. Sanders, Trustee, Appellees.**

No. 1944.

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

Jeffrey Roerig, Cox, Wilson, Black & Roerig, Brownsville, for appellants.

Neil Norquest, O. C. Hamilton, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellees.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is a suit to rescind the sale of two adjoining parcels of Cameron County real estate. O'Donnell and Sanders, the sellers (hereinafter appellees), brought the suit, alleging fraud and/or mutual mistake which precluded a meeting of the minds of the parties on a material term of a real estate contract. River and Beach Land Corporation (River and Beach), the buyer, and Chulavista Land Investment Company, Inc. (Chulavista), River and Beach's nominal successor in title, (collectively, appellants), answered with general denials and counterclaimed for specific performance and damages for breach of contract and wrongful clouding of title.

In a trial before a jury, after hearing all the evidence, the trial court granted a directed verdict for appellees and denied a directed verdict requested by appellants, in effect granting the rescission in toto and denying all relief requested by appellants.

Prior to October, 1978, appellees listed for sale two tracts of land located in Cameron County, Texas, containing approximately 423 acres (Sanders tract) and 9500 acres (O'Donnell tract). A Mr. Paul Johnson, who turned out to be an agent for River and Beach, expressed interest in purchasing both tracts, which were contiguous, as a package deal. Negotiations between appellees and Johnson resulted in the execution of documents entitled "Sales Contract" between each of the appellees and Johnson on November 14, 1978. The November 14th instruments initially provided that the Cameron County properties would be conveyed to Johnson in consideration for the execution of promissory notes in favor of appellees and the conveyance of good and marketable fee simple title to properties located in Missouri and Alabama. This agreement was later amended to provide that Johnson would cause the Missouri and Alabama properties to be sold and create notes in favor of appellees.

The parties' views of the November 14th documents are significantly disparate. Appellants contend that it was a binding contract which formed the basis of the bargain although it was later modified in several respects. Appellees, on the other hand, claim that it was no more than a summarization of the negotiations to that point, and an incomplete statement, depending upon later negotiations to add essential elements to form an enforceable contract. In any case, it is clear that the parties continued to negotiate until the deal apparently closed on April 5, 1979. In the end, appellee O'Donnell conveyed to River and Beach some 469 acres less than was originally stated in the November 14th agreement, and received in exchange a correspondingly reduced promissory note.

When appellees went to record their liens and deeds of trust on the Missouri and Alabama trade properties, they discovered that Johnson had that very day caused to be recorded deeds of trust in favor of his wife, Geneva Ann Johnson, on these same properties. In addition, a note and deed of trust on a leasehold estate in Alabama which appellee Sanders was to have received from a third party were never delivered because Johnson had caused a transfer of the leasehold and a deed of trust in favor of his wife to be filed in the Alabama Deed Records on the morning of April 5, 1979. Claiming they were to have received first liens on all the trade properties, appellees filed the instant suit to rescind the contract. Appellants contend that the contract did not specify the priority of the liens to be received by appellees, and further claim that appellee O'Donnell breached the contract by failing to convey all of the property promised.

Appellees have filed a motion to dismiss the appeal, claiming mootness and waiver. The mootness claim concerns the O'Donnell tract, and the waiver claim refers to the Sanders tract.

THE SANDERS TRACT

Appellees maintain that appellants have waived their rights to contest the trial court's judgment in regards to the Sanders tract by accepting the benefits of the judgment. When the trial court granted rescission, certain promissory notes executed by

third parties which were part of the consideration paid by River and Beach were ordered returned to it. Appellants did not file a supersedeas bond. On January 6, 1981, seven days after entry of the judgment complained of herein, River and Beach wrote a letter to the debtor on a certain note executed in favor of appellee Sanders on March 1, 1979. By this letter, River and Beach informed the debtor that it was now the owner of the note, that the note was in default and that it intended to commence foreclosure proceedings.

A litigant who has voluntarily accepted the benefits of a judgment cannot afterward prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950); *Graham v. Caballero*, 243 S.W.2d 286 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.). There are two narrow exceptions to this general rule. First, if a reversal of the judgment could not possibly affect an appellant's right to the benefit accepted, he is not estopped from appealing. *Carle v. Carle, supra*, 234 S.W.2d at 1004. Second, the right to appeal is not waived where the economic circumstances of the appellant were such that acceptance of the benefits were not considered voluntary. *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ). Neither exception applies herein.

It is certain that reversal of the judgment in the instant cause would affect River and Beach's ownership of the subject note and deed of trust. Further, there has been no claim or evidence of economic hardship on River and Beach which would characterize its acceptance of the note as involuntary or under duress. Therefore, River and Beach's acceptance of the ownership of the subject note and deed of trust conferred by the judgment places it under the rule of equity announced in *Carle v. Carle, supra*. River and Beach is estopped from appealing the judgment of the trial court as it concerns the Sanders tract. That portion of the appellees' motion to dismiss the appeal as it concerns the Sanders tract is granted.

## THE O'DONNELL TRACT

Appellees argue that the appeal so far as it concerns the O'Donnell tract is moot because a foreclosure has put the title in the hands of a third party leaving nothing to adjudicate between the parties to the instant cause.

At all times material to the transaction which forms the basis of this lawsuit, the O'Donnell tract was encumbered by a mortgage to Rio Grande Savings & Loan. It is undisputed that appellant had both actual and constructive notice of this lien. The deed from O'Donnell to River and Beach expressly provides that the conveyance is subject to the indebtedness to Rio Grande and the deed of trust securing the same. River and Beach necessarily acquired no rights in the tract other than those held by O'Donnell. See *Moerbe v. Beckmann*, 132 S.W.2d 616 (Tex.Civ.App.—Austin 1939, writ dism'd judgm't cor.). Rio Grande's lien was foreclosed on July 7, 1981. At the foreclosure sale, Rio Grande was the highest bidder and now holds title to the land. There was no surplus in the amount paid at the foreclosure sale. Appellees argue, and we agree, that because appellee O'Donnell also took the property subject to the existing Rio Grande lien, the foreclosure has extinguished all claims of right, title and interest of both appellants and appellees. A reversal of the judgment could not possibly restore title to the O'Donnell tract to appellants.

Appellant contends, however, that the case is not moot because there are issues of money damages involved. Appellants have of record a counterclaim against appellee O'Donnell alleging a breach of the sales contract for failure to convey all of the property which he promised to convey. Since this issue appears to have some justification, we will review the evidence regarding the merits of appellants' claim and overrule that portion of the motion to dismiss the appeal as to the O'Donnell tract.

First, we must determine whether the trial court erred in granting the appellees an instructed verdict for rescission of the contract. If the judgment for rescission was correct, the contract was annulled, and there will be no action for a breach. *J. I. Case Threshing Mach. Co. v. Street*, 216

S.W. 426 (Tex.Civ.App.—Dallas 1919, no writ); *Texas Co-op. Inv. Co. v. Clark*, 212 S.W. 245 (Tex.Civ.App.—Fort Worth 1919), rev'd on other grounds, 231 S.W. 381 (Tex. Comm'n App.1921, holding approved); *Hunt County Oil Co. v. Scott*, 28 Tex.Civ. App. 213, 67 S.W. 451 (Tex.Civ.App.1902, writ ref'd). As the court quoted in *J. I. Case Threshing Mach. Co.*,

> "To rescind a contract is not merely to terminate it, but to abbrogate and undo it from the beginning; that is, not, merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal by the moving party to be further bound by it. Black on Rescission and Cancellation, vol. 1, § 1." 216 S.W. at 429.

Appellees' theory of their right to rescission is based on the Supreme Court's decision in *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655 (Tex.1979), wherein the court stated:

> "... a seller of real estate is under a duty to disclose material facts which would not be discoverable by the exercise of ordinary care and diligence on that part of the purchaser, or which a reasonable investigation and inquiry would not uncover."

The court went on to quote the Restatement (Second) of Torts § 551, Comment (b) (1977), for the proposition that even in the absence of a duty of disclosure, a purchaser is entitled to rescind the transaction if an undisclosed fact is basic and one which the seller knows his purchaser would regard as material. 585 S.W.2d at 658. A violation of the duty to disclose material facts or failure to disclose basic facts which the seller knows his purchaser would regard as material entitles the purchaser to a cancellation of the deed, rescission of the contract and return of consideration. *Smith v. National Resort Communities, Inc., supra.*

Like rules are applied with equal strictness to buyers of real estate in Texas. See *Crawford v. Creel*, 62 S.W.2d 294 (Tex.Civ. App.—Beaumont 1933, writ dism'd); *Bullock v. Crutcher*, 180 S.W. 940 (Tex.Civ.App. —Texarkana 1915, no writ); *Brand v. Odom*, 156 S.W. 547 (Tex.Civ.App.—Dallas 1913, no writ). Appellees reason that appellants' concealment of the existence of the intervening liens on the Missouri and Alabama trade properties, at a time when appellants knew that the absence or existence of such intervening liens was basic to the transaction and that appellees would consider the fact of such liens to be material, entitled appellees to rescind the transaction.

In reviewing the propriety of granting an instructed verdict, we must consider the evidence in the light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970); *Elizondo v. Tavarez*, 596 S.W.2d 667 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.). An issue for the trier of fact is presented when reasonable minds may differ as to the truth of the controlling facts. *Najera v. Great Atlantic and Pacific Tea Co.*, 146 Tex. 367, 207 S.W.2d 365 (1948); *Elizondo v. Tavarez, supra.* However, an instructed verdict *is* proper where reasonable minds can draw only one inference from the evidence. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978); *Elizondo v. Tavarez, supra.*

It is apparently undisputed that appellants did not disclose to appellees the existence of the intervening liens which appellants' agent caused to be recorded on the Missouri and Alabama properties just prior to the closing of the instant transaction; that the existence of such liens was not discoverable by the time of the closing in Texas by the exercise of ordinary care and diligence or by reasonable inquiry on the part of appellees; and that appellees in fact did not discover the existence of the liens until after the transaction was closed. We think the parties concede that the quality of consideration to be received in a sale of real estate is basic to the transaction, and that

the appellees regarded as material the fact of whether the Missouri and Alabama properties were encumbered by prior liens. Appellants argue that the evidence creates an issue for the jury on whether the existence of the above mentioned intervening liens was a fact material to the instant transaction. If not material, say appellants, then there was no duty to disclose the existence of the intervening liens.

■ The right to rescind because of a material or basic nondisclosure exists independently from the parties' contractual obligations. See *Smith v. National Resort Communities, Inc., supra; Brand v. Odom, supra.* Evidence that the appellants were not contractually obligated to convey first liens is not evidence that appellants did not know that the appellees expected first liens and would regard the existence of any prior liens as material.

■ Appellants rely on the testimony of Johnson (appellants' agent) and others as to Johnson's repeated statements that he did not feel the contract obligated him to provide first liens on the Missouri and Alabama properties. These statements by Johnson and others do not constitute any evidence that they were unaware of the appellees' reliance upon the non-existence of any intervening liens as a material fact in the transaction. After a careful review of the entire record, we hold that appellees showed as a matter of law that appellants, by or through their agent, knowingly concealed or failed to disclose the existence of a basic fact which appellants knew the appellees would regard as material, and which appellees had no reasonable opportunity to discover. Upon such showing, appellees were, as a matter of law, entitled to a rescission. Appellant's points of error are overruled.

The appeal, so far as it concerns the Sanders tract, is hereby DISMISSED. The judgment, insofar as it concerns the O'Donnell tract and the personal liabilities of the parties in connection with such tract, is AFFIRMED.

The appeal is DISMISSED in part and AFFIRMED in part.