TWIN CITY FIRE INSURANCE
CO., Appellant,

v.

Cathy Mines MEAVE, et al., Appellees.

No. 01–87–00222–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1988.

David Redford, Houston, for appellant.

Ronald Wardell, Fisher, Gallagher, Perrin, Houston, for appellees.

Before EVANS, C.J., and LEVY and HOYT, JJ.

EVANS, Chief Justice.

The appellee, Cathy Mines Meave, brought this wrongful death action on behalf of herself and her children following her husband's death in 1982. Twin City Fire Insurance Co. ("Twin City") joined, as intervenor, to recover past and future payments to the appellees under the Workers' Compensation Act. At trial, a settlement was reached, and judgment was entered for the appellees and Twin City in the amount of $1,200,000. In accordance with Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (Vernon Supp.1987), the trial court held an evidentiary hearing and made an award of attorney's fees. The court found that Twin City's subrogation interest was in the total amount of $169,511.54, and that reasonable attorney's fees would be 25% of that amount. The court divided the 25% attorney's fee award, allocating $7,201.80 to Twin City's attorney and $35,176.09 to the appellees' attorney.

In Twin City's first two points of error, it complains that there was no evidence, or insufficient evidence, to support the trial court's decision to award attorney's fees to the appellees and to apportion such fees in the amounts indicated.

The Texas Workers' Compensation Act, art. 8307, sec. 6a(b) provides:

If the association obtains an attorney to *actively* represent its interest and if the attorney participates in obtaining a recovery, the court shall award and appor-

tion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the *benefit accruing* to the association *as a result of each attorney's* service, the aggregate of such fees not to exceed thirty-three and one-third per cent of the subrogated interest. (Emphasis added.)

Twin City concedes that the appellees' counsel assumed the lead in the law suit and vigorously prosecuted the cause of action to the appellees' substantial benefit. Twin City contends, however, that there was never any doubt about the liability of the co-defendants, at least to the extent of its subrogation interest ($169,511.54); therefore, it argues that it was not benefited by the work of the appellees' counsel.

■ The fact that the appellees' counsel negotiated a settlement, which satisfied Twin City's subrogation claim, is a valid basis for an award of attorney's fees. *See United Gen. Ins. Co. v. Kronzer*, —— S.W. 2d ——, No. 14–87–077–CV (Tex.App.— Houston [14th Dist.], Oct. 15, 1987) (not yet reported). Furthermore, the record shows that both liability and damage issues were highly contested, and until those issues were developed by the appellees' counsel, a settlement could not reasonably be effected. The work of the appellees' counsel in obtaining a settlement, which assured payment of Twin City's subrogation claim, obviously benefited Twin City. *See Buscher v. Bulldog Steel Prod.*, 682 S.W.2d 406, 407 (Tex.App.—Eastland 1984, writ ref'd n.r.e.).

We overrule the first two points of error.

We next consider Twin City's third point of error, in which it complains that the trial court erred in apportioning attorney's fees to the appellees' counsel, because the appellees failed to provide any evidence of the hours expended or the value of the services provided.

The apportionment of attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a, is a matter resting in the sound discretion of the trial court. *See Hartford Ins. Co. v. Branton & Mendelsohn, Inc.*, 670 S.W.2d 699, 703–04 (Tex.App.—San Antonio 1984, no writ). In considering whether there has been an abuse of such discretion, we must look to the facts of the particular case. *University of Texas v. Melchor*, 696 S.W.2d 406, 407–08 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Here, Twin City's counsel did not come into the case until after the appellees' counsel had performed a substantial part of the pre-trial investigation. The agreed role of Twin City's counsel was to assist the appellees' counsel, as needed, and Twin City's attorneys played a very small role in the pre-trial investigation and discovery. On the other hand, the appellees' counsel, as lead attorney in the case, had a very active role in that work, preparing numerous pleadings and motions, and taking depositions to prepare the case for trial. Indeed, Twin City's counsel characterized the appellees' counsel as the "driving force" in the lawsuit.

The trial court awarded Twin City attorney's fees in the amount of $7,201.80, which Twin City's counsel testified was the value of their services computed at their regular hourly rate. Twin City argues that the trial court abused its discretion in awarding the appellees the balance ($35,-176.09) in the absence of proof showing the hours expended by the appellees' counsel.

■ The Texas Workers' Compensation Act obviously contemplates awards of attorney's fees based on contingent fee arrangements up to the statutory limit of ⅓rd of the subrogated recovery. To recover attorney's fees under the Act, the claimant must prove the nature and extent of the services performed by the attorney. *See Insurance Co. of N.Am. v. Stuebing*, 594 S.W.2d 565 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). But the claimant's attorney need not submit a detailed account of specific hours expended and an hourly rate to justify an award of attorney's fees under the Act. *University of Texas v. Melchor*, 696 S.W.2d at 408; *Hartford Ins. Co. v. Branton & Mendelsohn, Inc.*, 670 S.W.2d at 704. Here, the appellees' counsel described the extensive work performed over a three and one-half year period, including the preparation, filing, review, and

initiation of over 100 discovery pleadings and motions; the employment, consultation, preparation, and presentation of reports of expert witnesses; the investigation of the co-defendants for the purpose of determining respective contributions; the obtaining of photographs and products involved in the accident; the analysis and testing of products involved; the preparation, presentation, and examination of witnesses; and the procedural handling of the case in court, including the initiation and effectuation of the settlement agreement.

We overrule Twin City's third point of error.

The judgment of the trial court is affirmed.