**F.M. SMITH, Appellant,**

**v.**

**TEXAS COMMERCE BANK—CORPUS CHRISTI, N.A., et al., Appellees.**

**No. 13–90–457–CV.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 23, 1992.

Rehearing Overruled Feb. 13, 1992.

Farrell M. Smith, Finley L. Edmonds, Corpus Christi, for appellant.

Evelyn Jo Wilson, Susman & Godfrey, Kyle R. Sears, Sears & Cole, Houston, Lev. Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, James W. Wray, Jr., Redford, Wray & Woolsey, Robert W. Johnson, Jr., Matthews & Branscomb, Corpus Christi, Gretchen E. Raatz, Austin, Michael P. O'Reilly, Rick Rogers, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellees.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Our original opinion dated December 19, 1991, is withdrawn and the following substituted.

Appellant, Farrell M. Smith, complains by six points of error of improper partition of trust property and other errors. We affirm.

Farrell Joseph Smith and Annie Thomas Smith, both deceased, created two trusts through the residuary clause in their wills. Parties to this suit are the beneficiaries and trustees of these trusts. Among other relief sought is partition of trust real estate. Appellant is now challenging the trial court's partition.

On March 19, 1990, the parties dictated a settlement agreement into the record. *See* TEX.R.CIV.P. 11. The agreement included a provision that if the parties could not agree on partition of real property, court appointed commissioners would make a final and unappealable partition of the property. *See generally* TEX.R.CIV.P. 756–771. The agreement stipulated that the commissioners were to apply the values assigned to the properties in a particular appraisal (the Erickson/Turk/FDS appraisal), rather than their estimate of market value.

The parties did not agree. The trial court appointed three commissioners to partition the property. Appellant objected to the partition, alleging that the commissioners used their estimate of market value to value the property rather than the agreed Erickson/Turk/FDS appraisal values.

At a hearing on May 15, 1990, appellant complained that the agreed appraisal had not been used, thus the Rule 11 agreement had been breached and was unenforceable. Nevertheless, the Court enforced the remaining portions of the agreement and did not allow appellant to object to the partition. It then confirmed that the partition was fair and equitable. This appeal followed.

■ We need not address the points of error because we find appellant is estopped from arguing that the trial court's judgment is incorrect because he has accepted benefits under the judgment. *River and Beach Land Corp. v. O'Donnell,* 632 S.W.2d 885, 888 (Tex.App.—Corpus Christi 1982, no writ).

After rendition of the judgment and the May 15, 1990, hearing, appellant twice attempted to enforce the judgment. On December 10, 1990, he filed Plaintiff's Motion to Enforce Judgment. On January 8, 1991, appellant filed Plaintiff's First Amended Motion to Enforce Judgment. In both motions appellant specifically requested that the trial court's judgment be enforced in its entirety.

Appellant also voluntarily accepted and received certain benefits from the judgment. He accepted rental payments totaling $4288.83 for 170 acres of land partitioned to him under the judgment. Appellant also received $25,000.00 from Texas Commerce Bank and Farrell D. Smith. This sum is a partial payment for $75,000.00 the judgment required these parties to pay appellant for release of his claims. In addition, appellant received and possesses several tracts of real property partitioned to him by the judgment, and maintained possession of another tract owned by his parents, the Timon Ranch.

Appellee argues that appellant has accepted benefits from the judgment, therefore he is estopped from attacking it. This argument is supported[1] by copies of the two motions to enforce the judgment and an affidavit stating that they are true and correct copies. The motion is also supported by a supplemental transcript containing an order signed by Judge Garza finding that $25,000.00 had been paid to appellant. The order also recites that ap-

---

1. This Court has the power to consider affidavits and other evidence when considering a motion to dismiss or a point of error if this issue is raised. *See Rogers v. Rogers,* 806 S.W.2d 886, 889 (Tex.App.—Corpus Christi 1991, no writ); *Trevino v. Trevino,* 555 S.W.2d 792, 795 (Tex. Civ.App.—Corpus Christi 1977, no writ); *Haggard v. Haggard,* 550 S.W.2d 374, 376 (Tex.Civ. App.—Dallas 1977, no writ).

**814**

pellant shall have the right to occupy certain property until June 14, 1991.

Appellant filed a controverting affidavit stating that the crop payments he received were spent paying taxes on the property.

A judgment cannot be treated as right and wrong by the same party. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951). The general rule is acceptance of benefits and efforts to enforce a judgment estops a party from challenging the trial court's judgment. *Id.; River and Beach Land Corp.,* 632 S.W.2d at 888; *Manville v. Garrison,* 538 S.W.2d 819, 820 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The evidence shows that substantial benefits were accepted pursuant to the judgment.

If economic circumstances compel a party to accept benefits, there is no voluntary acceptance or acquiescence in the judgment, and the estoppel doctrine does not apply. *Carle,* 234 S.W.2d at 1004; *Rogers v. Rogers,* 806 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1991, no writ); *Haggard v. Haggard,* 550 S.W.2d 374, 376 (Tex. Civ.App.—Dallas 1977, no writ). However, no evidence showed that acceptance of any benefits was involuntary. *See Biggs v. Biggs,* 553 S.W.2d 207, 209–210 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ dism'd). Appellant's affidavit merely showed that the crop payment received was disbursed to pay taxes on the property, it did not show that he was under financial distress, and that he had no other source of funds to pay the taxes. Moreover, no evidence indicated that acceptance of the $25,-000.00 or any of the other benefits was involuntary. Consequently, appellant failed to show that the economic necessity exception to *Carle* applies here.

Appellant is not seeking merely additional recovery, but he seeks reparation of numerous tracts of real property, including real property partitioned to him under the judgment. This remedy, if awarded, would result not simply in an additional allotment of real property to appellant, but a significantly different apportionment of such property between and among the parties. Appellant's right to the property he cur-

rently possesses would be affected by repartition. *See Carle,* 234 S.W.2d at 1004 (appellant is estopped if appeal would affect ownership of benefits accepted under the judgment); *River and Beach Land Corp.,* 632 S.W.2d at 888 (acceptance of note and deed of trust estopped appellant from challenging ownership of such property by appeal). Thus, appellant has not established that success on appeal will not affect benefits he has already accepted and received pursuant to the judgment.

We also note that appellant filed two motions to enforce the judgment. Appellant's efforts to enforce the judgment are totally inconsistent with his posture on appeal. *See Manville,* 538 S.W.2d at 820.

We hold that appellant is estopped from challenging the adverse aspects of the trial court's judgment because he accepted some benefits from the judgment and failed to establish through affidavit or otherwise that an exception to the equitable rule of estoppel should apply.

The next issue we address is whether to impose sanctions as requested by appellees. Tex.R.App.P. 84. We decline to do so because appellant possessed sufficient cause to bring this appeal.

All of appellant's points of error are overruled. The trial court's judgment is AFFIRMED.