**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

v.

**Robert C. JONES and Judith Lynne Jones, Appellees.**

**No. 01–91–00088–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

Rehearing Denied July 16, 1992.

Mart T. Curry, Gary L. Wickert, Houston, for appellant.

Leslie C. Taylor, W. James Kronzer, Houston, for appellees.

Before O'CONNOR, SAM BASS and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the trial court's order apportioning attorney fees for the recovery of the amount of a worker's compensation lien. From the worker's compensation lien due to the worker's compensation insurance carrier, $224,325.93, the court awarded 28 percent ($62,811.26) to the plaintiffs' attorney for the value of the benefit of his legal services to the carrier. In five points of error, appellant, Twin City Fire Insurance Company (Twin City), asserts that the trial court abused its discretion in making such an apportionment and that there is legally or factually insufficient evidence to support the trial court's apportionment.

### 1. Accepting benefits of judgment

The Joneses filed a motion to dismiss, arguing that Twin City has accepted the benefits of the judgment and cannot prosecute this appeal. The Joneses argue that Twin City is estopped from attacking the judgment because, after the defendants deposited the funds with the registry of the court, Twin City accepted a check for $161,514.67 from the district clerk.

■ An appellant cannot treat a judgment as both right and wrong. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951); *Smith v. Texas Commerce Bank—Corpus Christi, N.A.*, 822 S.W.2d 812, 814 n. 1 (Tex.App.—Corpus Christi 1992, n.w.h.). The general rule is that a party who accepts the benefits of a judgment is estopped from challenging the judgment by appeal. *Carle*, 234 S.W.2d at 1004; *Manville v. Garrison*, 538 S.W.2d 819, 820 (Tex. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). There are two narrow exceptions to this rule. First, an appellant is not estopped from appealing if a reversal of the judgment could not possibly affect the appellant's right to the benefit accepted under the judgment. *Carle*, 234 S.W.2d at 1004. Second, an appellant is not estopped from appealing if the economic circumstances are such that the appellant's acceptance of the benefits was not voluntary. *River and Beach Land Corp. v. O'Don-*

*nell,* 632 S.W.2d 885, 888 (Tex.App.—Corpus Christi 1982, no writ).

The appellate courts have the power to consider affidavits and other evidence when considering a motion to dismiss. *See Smith,* 822 S.W.2d at 814 n. 1 (motion to dismiss based on acceptance of benefits). Twin City filed an affidavit stating that it had, out of an abundance of caution it, placed $14,000 into the registry of the court in Fort Bend County. That amount covers the funds in dispute and any applicable interest.

We overrule the motion to dismiss.

## 2. The standard of review

In points of error one and two, Twin City asserts the trial court abused its discretion in awarding the Joneses' attorney, attorney fees in an amount equal to 28 percent of Twin City's worker's compensation lien. In points of error three through five, Twin City asserts the evidence is legally and factually insufficient to support the trial court's apportionment of 28 percent of its subrogation recovery to the Joneses' counsel.

The cases uniformly describe the standard we apply to review the trial court's award of attorney fees under former Tex.Rev.Civ.Stat.Ann. art. 8307,[1] section 6a(b), as abuse of discretion. *Vanguard Ins. Co. v. Humphrey,* 729 S.W.2d 344, 348 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). An abuse of discretion standard implies more than an error in judgment; the trial court's decision must be arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *City of Austin v. Janowski,* 825 S.W.2d 786, 788 (Tex.App.—Austin 1992, n.w.h.). A trial court is unreasonable only if the court acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Janowski,* 825 S.W.2d at 788. The appellate court must review the evidence in the light most

favorable to the action of the trial court. *Janowski,* 825 S.W.2d at 788. As long as there is some evidence supporting the trial court, its decision is justified. *Id.*

In addition to the abuse of discretion standard, some courts seem to apply the sufficiency of the evidence standard, weighing the evidence to determine if it can survive an attack of factual and legal insufficiency. *See, e.g., Twin City Fire Ins. Co. v. Meave,* 743 S.W.2d 765, 765–66 (Tex.App.—Houston [1st Dist.] 1988, no writ) (this Court first overruled points of no evidence and insufficient evidence, and then applied the abuse of discretion standard); *University of Texas Sys. v. Melchor,* 696 S.W.2d 406, 407–408 (Tex.App.—Houston [14th Dist.] 1985, no writ) (the court first considered an abuse of discretion point and then, as an alternative, a sufficiency of the evidence point); *Hartford Ins. Co. v. Branton & Mendelsohn, Inc.,* 670 S.W.2d 699, 704 (Tex.App.—San Antonio 1984, no writ) ("the trial court had factually sufficient evidence to" support the apportionment award and the "trial court's award will not be reversed without a clear showing that the trial court abused its discretion."). In those cases, the courts reviewed the propriety of the apportionment of attorney fees two times, once under the abuse of discretion standard, and once under the sufficiency of the evidence standard.

Recently, the Austin Court of Appeals has rejected the sufficiency standards as the standard to apply in the appeal of the award of attorney fees under article 8307, section 6a. In *Janowski,* when the carrier challenged the sufficiency of the evidence to support the apportionment finding, the court rejected that as the standard of review. *Janowski,* 825 S.W.2d at 788.

We believe the Austin Court of Appeals is correct: There is only one review of the trial court's apportionment of attorney fees, and that review is the abuse of discretion standard. *Janowski,* 825 S.W.2d at

1. Texas Worker's Compensation Act, act of May 15, 1973, ch. 88, 1973 Tex.Gen.Laws 187, 193, *amended by* ch. 326, section 1, 1985 Tex.Gen. Laws 1387, 1388 repealed by ch. 1, section 4.05, 1989 Tex.Gen.Laws 33 (effective January 1, 1991). For current version, see Tex.Rev.Civ.Stat. Ann. art. 8308–4.05 (Vernon Pamph.1992).

788.[2]  When reviewing the apportionment of attorney fees under article 8307, section 6a, we use only the abuse of discretion standard; we do not apply the sufficiency of the evidence review.

We overrule points of error three through five, in which Twin City asserts the evidence is legally and factually insufficient to support the trial court's apportionment of attorney fees because the only review of the trial court's order is by abuse of discretion.

### 3. The review of the award

■ We now review the merits of points of error one and two, in which Twin City asserts the trial court abused its discretion in awarding the Joneses' attorney, attorney fees in an amount equal to 28 percent of Twin City's worker's compensation lien.

In an order of November 30, 1990, the same date as the court's judgment, the court awarded $161,514.67 to Twin City for its subrogation lien; and $62,811.26 to plaintiff's attorneys, Taylor & Cire, for attorney fees.  The award to the plaintiff's attorney represented 28 percent of Twin City's subrogation recovery.

The apportionment of attorney fees for the recovery of worker's compensation is provided for by statute as follows:

(a) When the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one third (⅓) of said subrogation recovery....

. . . .

(b) If the association retains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys *taking into account the benefit accru-*ing to the association as a result of each attorney's services, the aggregate of such fees not to exceed thirty-three and one-third percent (33⅓%) of the subrogated interest.

TEX.REV.CIV.STAT.ANN.  art. 8307, § 6a(b) (emphasis added).

This statute provides for three instances in which an attorney might recover fees based upon a subrogation recovery: (1) where the insurer hires an attorney to represent it but the attorney does not *actively* represent it; (2) where the worker's attorney represents both the worker and the insurer; and (3) where the insurer is *actively* represented by its attorney who participates in obtaining a recovery.  *Janowski*, 825 S.W.2d at 789 n. 2.  The last circumstance is implicated in this case—the insurer had an attorney who actively represented it and participated in obtaining a recovery.

We find on this record, that Twin City's lawyers actively represented the insurer and participated in the recovery.  Once we arrive at that conclusion, section 6a(b) applies, which requires an award of fees to be apportioned between the worker's lawyer and the carrier's lawyer.  *Janowski*, 825 S.W.2d at 789.

Robert C. Jones, while moving a safe, crushed his legs.  Jones and his wife filed suit against his employer, Sugar Creek National Bank (the Bank); the Bank's general contractor, Gene D. Liggin, Inc. (Liggin, Inc.); the subcontractor hired to remove the safe's vault door, F.W. Gartner Company (Gartner Co.); the maker of the safe, Kumahira Safe Company, Inc. (Kumahira Safe); and the seller of the safe, Security Products Corporation (Security Corp.).

Twin City, as the worker's compensation insurance carrier for the Bank, filed an intervention on November 16, 1987, to recover the worker's compensation benefits paid to Jones.  Twin City hired the law

---

**2.**  In reaching the result in this case, we do not find it necessary to overrule *Twin City Fire Ins. Co. v. Meave,* 743 S.W.2d 765, 765–66 (Tex. App.—Houston [1st Dist.] 1988, no writ).  In *Meave,* this Court reviewed the apportionment of attorney fees under article 8307, section 6a twice.  Here, we merely say that the apportionment of attorney fees was only entitled to one review, not two.

firm of Hughes, Watters and Askanase (HWA) to prosecute their intervention.

The case went to trial against the Bank as the only defendant that had not settled. The jury found Mr. Jones 25 percent negligent and the Bank 75 percent negligent, and found damages for the Joneses in the amount of $2,485,691.

On November 30, 1990, at a hearing on motion for entry of judgment, Twin City's attorneys introduced into evidence, as Twin City exhibit A, their response to the Joneses' attorney's claim for attorney fees. Robert G. Taylor, the Joneses' attorney, stipulated that Twin City's attorneys performed the work as summarized below:

### Pre-trial

Twin City's attorney filed a petition for intervention on behalf of Twin City. Later, Twin City's attorney filed two amended petitions for intervention.

Twin City's attorney consulted with an expert to evaluate the theories of negligence alleged in the plaintiffs' petition, and later sent Taylor a letter telling him of Twin City's efforts to develop causes of action against defendants, and of Twin City's desire to work with Taylor in pursuing the lawsuit.

Twin City's attorney attended the depositions of Ron Smulcer, the executive vice president of the Bank; of Tatsunori Takiguchi, a representative of Kumahira Safe; of Charles Samuel Lutz, a representative of Security Corp., in Los Angeles, California; of John W. Simdorn, a former employee of Security Corp., in Orange, California; of Richard T. Lamkin, the prior owner of Lamkin & Associates (Lamkin Corporation); and of Steve Payton, a Lamkin Corporation employee at the time of Joneses' accident.

Twin City's attorney propounded requests for production of documents to Kumahira Safe.

Twin City's attorney researched the bankruptcy laws regarding the effect of Mr. Jones' filing for personal bankruptcy on his right to recover money damages for personal injuries in this lawsuit.

Twin City's attorney discussed with Taylor settling with Gartner Co., and the method of dividing the settlement proceeds.

In a letter, Twin City's attorney told Taylor that Twin City was willing to bear the cost of proving up Mr. Jones' injuries and medical expenses.

In a letter, Twin City's attorney advised Taylor of the present amount of Twin City's worker's compensation lien, and offered to pay Taylor's fee of 15% of Twin City's lien. Taylor rejected Twin City's offer to settle the claim for attorney fees.

Twin City's attorney arranged the video-deposition for Dr. Bruce Douglas Browner, and met with Dr. Browner before the deposition. Twin City's attorney took the lead at the deposition of Dr. Browner, and proved up all of Mr. Jones' medical expenses.

Twin City's attorney met with Taylor, to discuss a possible settlement with Kumahira Safe.

Twin City's attorney sent Taylor photographs showing the scene of the accident and the interior and exterior portions of the front entrance of the "old" Bank. Twin City's attorney attended the pre-trial conference.

### Trial

Beginning on November 19, 1990, Twin City's attorney was present throughout the trial of this lawsuit. During the pretrial motions, Twin City's attorney advised the Court that Taylor had not stipulated to Twin City's worker's compensation lien, and that Twin City was prepared to prove up the lien at trial through the live testimony of one of Twin City's representatives. Taylor then advised Twin City's attorney that such testimony would not be necessary. During the voir dire of the jury panel, Twin City's attorney assisted Taylor with the plaintiffs' jury strikes.

The edited version of Dr. Browner's video deposition, which was edited by Twin City's attorney, was played for the jury. Twin City's attorney assumed responsi-

bility for responding to the Bank's objections to the edited version of the video-deposition at trial.

The medical records and itemized medical bills were admitted into evidence, which had been prepared and organized by Twin City's attorney.

The x-rays of Mr. Jones' legs, which were admitted into evidence, were obtained by Twin City's attorney for use at the trial.

Two photographs, showing the outside and inside of the front entrance of the "old" Bank, which were obtained by Twin City's attorney, were admitted into evidence.

After the close of evidence, Twin City's attorney participated in the discussion regarding the submission of the charge. Twin City's attorney cooperated with Taylor in "Stowerizing" the Bank.

The transcript shows that the Jones' attorney filed original and amended petitions, conducted discovery, filed a motion for pretrial conference and discovery scheduling order, filed special exceptions to the Bank's amended original answer, and moved to strike Sugar Creek National Bank's designation of experts.

Even though the attorneys for Twin City were actively involved in this case, on this record, we find no indication that the trial court's award of 28 percent of the recovery was capricious, arbitrary, or unreasonable. *Downer,* 701 S.W.2d at 243. The trial court could consider the entire file and all the pretrial proceedings. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986). Once the trial court considered the entire file, it could have reached the conclusion that the benefits that accrued to Twin City were largely the result of the work of the plaintiff's attorney.

We overrule Twin City's points of error one and two, and affirm the judgment.