Opinion issued July 15, 2004























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00643-CV
____________
 
DOUGLAS CAESAR, Appellant
 
V.
 
THOMAS BOHACEK, Appellee
 

 
 
On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2001-29537
 

 
 
O P I N I O N
              Appellant, Douglas Caesar (Caesar), challenges the trial court’s judgment
entered after a jury verdict awarding $4,000 in damages to appellee, Thomas Bohacek
(Bohacek), on his claim for negligence. In two issues, Caesar contends that the trial
court erred in (1) awarding attorney’s fees and expenses to Bohacek pursuant to
section 417.003 of the Texas Labor Code,


 and (2) signing a judgment in favor of
Bohacek. We affirm in part and reverse and render in part.
Facts
          On June 11, 1999, Bohacek, who was acting within the course and scope of his
employment, was driving a car eastbound on the access road of Highway 290 in
Houston. When Bohacek stopped at a traffic light, Caesar drove his car into the back
of Bohacek’s car. As a result, Bohacek’s car was damaged and he sustained personal
injuries. Bohacek subsequently filed a workers’ compensation claim with Reliance
National Indemnity Company (Reliance). Reliance accepted Bohacek’s claim and
payed him a total of $14,747 in worker’s compensation benefits.
          On June 7, 2001, Bohacek filed this lawsuit against Caesar. In August 2001,
Reliance intervened in the suit and asserted its statutory subrogation right to be
reimbursed for the benefits it had paid to Bohacek from any recovery obtained from
Caesar.



          On August 27, 2001, Reliance settled with Caesar and his insurer, State Farm
Mutual Automobile Insurance Company (State Farm). Under the terms of the
settlement, State Farm paid Reliance $5,500 on Caesar’s behalf, and, in consideration
thereof, Reliance partially assigned its statutory subrogation lien to Caesar and to
State Farm. Reliance subsequently non-suited its claims against Caesar, and the case
proceeded to trial.The jury found Caesar negligent, and it awarded Bohacek $4,000 in damages. 
In its final judgment, the trial court awarded Bohacek the amount of damages found
by the jury, plus pre-and post-judgment interest, “subject to” the lien assigned to
Caesar and State Farm. Thus, Bohacek’s net recovery of damages was zero. 
Nevertheless, the trial court also awarded Bohacek his reasonable attorney’s fees of
$1,333.33 and expenses of $3,211.21 “out of the subrogation recovery, if any, of
[Caesar] and [State Farm] as holders of [Reliance’s] subrogation interest pursuant to
Tex. Lab. Code § 417.003.”Attorney’s Fees and Litigation ExpensesIn his first issue, Caesar argues that the trial court erred in awarding Bohacek
his attorney’s fees and expenses because “[t]here is no provision in [s]ection 417.003
or any other statute that allows a trial court to award attorney’s fees or litigation
expenses against a third-party tortfeasor in a negligence case.”
          We review a trial court’s award of attorney’s fees for an abuse of discretion. 
Twin City Fire Ins. Co. v. Jones, 834 S.W.2d 114, 116 (Tex. App.—Houston [1st
Dist.] 1992, writ denied). A trial court abuses its discretion only when it acts in an
unreasonable and arbitrary manner or when it acts without reference to any guiding
rules or principles. Standard Constructors, Inc. v. Chevron Chem. Co., 101 S.W.3d
619, 626 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).
          In Texas, attorney’s fees may not be recovered from an opposing party unless
such recovery is provided for by statute or by contract between the parties. Dallas
Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992). The
authorization of attorney’s fees in civil cases may not be inferred; rather, it must be
provided for by the express terms of the statute in question. First City Bank-Farmers
Branch, Tex. v. Guex, 677 S.W.2d 25, 30 (Tex. 1984).
          Here, the trial court awarded Bohacek his attorney’s fees and expenses
“pursuant” to section 417.003 of the Labor Code. Although the trial court did not cite
to a specific subsection of 417.003, subsection (a) is the only subsection that allows
a claimant to recover both attorney’s fees and expenses.


 See Tex. Lab. Code Ann.
§ 417.003(a) (Vernon 1996). Section 417.003(a) provides as follows:
(a)An insurance carrier whose interest is not actively represented by
an attorney in a third-party action shall pay a fee to an attorney
representing the claimant in the amount agreed on between the
attorney and the insurance carrier. In the absence of an
agreement, the court shall award to the attorney payable out of the
insurance carrier’s recovery:
 
(1)a reasonable fee for recovery of the insurance carrier’s
interest that may not exceed one-third of the insurance
carrier’s recovery; and 
 
(2)a proportionate share of expenses.

Id. By enacting section 417.003, the legislature intended to compensate claimants
who perform work for the benefit of a subrogated insurance carrier and to prohibit the
worker’s compensation carrier from obtaining a “free ride” from the efforts of the
claimant’s attorney. See Prewitt and Sampson v. City of Dallas, 713 S.W.2d 720, 723
(Tex. App.—Dallas 1986, writ ref’d n.r.e.).
          Caesar asserts that, because he was a third-party tortfeasor and not an insurance
carrier, the trial court could not order him to pay Bohacek’s attorney’s fees or
litigation expenses under section 417.003(a).
          An “insurance carrier” is defined as: (a) an insurance company, (b) a certified
self-insurer for workers’ compensation insurance, or (c) a governmental entity that
self-insures, either individually or collectively. Tex. Lab. Code Ann. § 401.011(27)
(Vernon Supp. 2004). An “insurance company” is defined as “a person authorized
and admitted by the Texas Department of Insurance to do insurance business in this
state under a certificate of authority that includes authorization to write workers’
compensation insurance.” Id. § 401.011(28) (Vernon Supp. 2004). Caesar was
neither an insurance company, nor a certified self-insurer, nor a governmental entity;
he was a third-party tortfeasor. Accordingly, because section 417.003(a) only
provides for a claimant to recover attorney’s fees and expenses from an insurance
carrier, Caesar was not statutorily obligated to pay Bohacek’s attorney’s fees and
expenses.
          Moreover, Reliance, the only party to the litigation that met the Labor Code’s
definition of insurance carrier, was “actively represented” by its own attorney, C.
Marcy Unkauf (Unkauf), in this case. Unkauf filed Reliance’s petition in
intervention, its designation of expert witnesses, and its affidavit and accompanying
business records establishing the amount of workers’ compensation benefits that it
had paid to Bohacek. Additionally, Unkauf negotiated the settlement with Caesar and
State Farm and filed a copy of the settlement agreement with the trial court. Reliance
did not obtain a “free ride” from Bohacek and his attorneys, and Bohacek would not
have been entitled to recover his attorney’s fees and expenses from Reliance under
section 417.003(a).
          Accordingly, we hold that the trial court erred in ordering Caesar to pay
Bohacek his attorney’s fees and expenses.
          We sustain Caesar’s first issue.
Final Judgment
          In his second issue, Caesar argues that the trial court erred in signing a final
judgment in favor of Bohacek because, “when the subrogation lien [was] properly
applied to the damages awarded [by the jury], Bohacek recover[ed] nothing from
Caesar” and “Caesar was the prevailing party.” Moreover, Caesar asserts that,
because he was the prevailing party, he was entitled to recover his court costs from
Bohacek.
          Texas Rule of Civil Procedure 131 provides that “[t]he successful party to a
suit shall recover of his adversary all costs incurred therein, except when otherwise
provided.” Tex. R. Civ. P. 131. A determination of whether a party is the prevailing
or successful party must be based upon success on the merits, and not on whether
damages were awarded. Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 638 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).
          Here, Bohacek was the successful party because the jury found Caesar
negligent and awarded Bohacek $4,000 in damages. It is immaterial that the trial
court, in its final judgment, found that the jury’s damage award was completely offset
by the subrogation lien held by Caesar and State Farm. Accordingly, we hold that the
trial court did not err in signing a judgment in favor of Bohacek and that Caesar was
therefore not entitled to recover his court costs.
          We overrule Caesar’s second issue.Conclusion
          We reverse that portion of the trial court’s judgment awarding Bohacek his
reasonable attorney’s fees and expenses in the amounts of $1,333.33 and $3,211.21,
respectively, as well as pre-and post-judgment interest on those amounts, and we
render judgment that Bohacek, as the successful party, recover only his taxable court
costs from Caesar.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.