Austin.2 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-089-CV





CITY OF AUSTIN,



 APPELLANT


vs.





LINDA JANOWSKI,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 454,495, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING





 The City of Austin appeals from an order apportioning one-third of its subrogation
recovery from a workers' compensation claim to the claimant's attorney as attorney's fees. The
City brings seven points of error, seeking to overturn the trial court's decision. We will affirm
the order.



BACKGROUND


 In December 1986, Linda Janowski was injured during the course of her
employment with the City while exiting a bus operated by Capital Metropolitan Transportation
Authority (Capital Metro). Janowski filed for benefits under the Texas Workers' Compensation
program. The City, a self-insured association, paid her a total of $28,618.15 in benefits. 

 Capital Metro admitted liability for Janowski's injuries but its liability as a
government entity was limited under the Texas Tort Claims Act to a maximum of $100,000. Tex.
Civ. Prac. & Rem. Code Ann. § 101.23 (1986 & Supp. 1992). Capital Metro attempted to settle
the case for $75,000 before Janowski had retained an attorney. Janowski rejected early settlement
offers, principally because she did not understand the City's right to a subrogated recovery of the
compensation benefits it had already paid. Ultimately, Janowski retained an attorney, Terry
Weldon, whose fees are at issue on this appeal.

 More than a year later, Weldon negotiated a final settlement with Capital Metro
for $95,000. He testified that he had two goals in representing Janowski:  to encourage Capital
Metro to increase its settlement offer and to persuade the City to reduce its subrogation claim. 
He succeeded only in coaxing additional funds from Capital Metro; the City steadfastly refused
to surrender any of its subrogation claim. Weldon finally persuaded his client to accept $95,000
from Capital Metro, out of which the City claimed $28,618.15 as its subrogation. Under his
contingent fee arrangement with Janowski, Weldon was to receive one-third of any settlement
exceeding $75,000. He also filed a motion with the trial court requesting an award of attorney's
fees on the subrogation benefit accruing to the City under the settlement.

 After a hearing on this motion, the court awarded Weldon attorney's fees of
$12,874.76, consisting of one-third of the City's subrogation recovery of $28,618.15, plus one-third of the $10,000 present value of the claimant's future medical expenses, for which the City
would no longer be liable. The City appealed, complaining that the court erred by:
(1) apportioning 100% of the attorney's fees on the subrogation recovery to Weldon; and
(2) including the City's relief from liability for future medical expenses as part of its recovery in
calculating the attorney's fees. 



ANALYSIS


I. Standard of Review

 The City challenges the sufficiency of the evidence supporting the judgment
apportioning all of the attorney's fees on its subrogation recovery to Weldon. However, an award
of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be
reversed absent a clear showing that it abused its discretion. Espinoza v. Victoria Bank & Trust
Co., 572 S.W.2d 816, 828 (Tex. Civ. App. 1978, writ ref'd n.r.e). 

 An abuse of discretion implies more than an error in judgment; the trial court's
decision must be arbitrary or unreasonable. Landry v. Traveler's Ins. Co., 458 S.W.2d 649 (Tex.
1970). A trial court's actions are unreasonable only if the court acted without reference to any
guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex.
1985), cert. denied, 106 S.Ct. 2279 (1986); Morrow v. H.E.B., Inc., 714 S.W.2d 297 (Tex.
1986). Further, the appellate court must review the evidence in the light most favorable to the
action of the trial court. Parks v. U.S. Home, 652 S.W.2d 479 (Tex. App. 1983, writ dism'd);
Stout v. Christian, 593 S.W.2d 146 (Tex. Civ. App. 1980, no writ). As long as there is some
evidence supporting the trial court, its decision is justified. Stout, 593 S.W.2d at 151. The
appellate court cannot substitute its judgment for that of the trial court as long as the trial court
did not abuse its discretion. Landry, 458 S.W.2d at 651. 



II. Apportionment of Attorney's Fees

 In its first six points of error, the City challenges the sufficiency of the evidence
supporting the trial court's findings of fact that led the court to award to Weldon all of the
attorney's fees assessed on the subrogation recovery and none to the City's attorney.

 At the time that this action arose, the following statute, since repealed, governed
recovery of attorney's fees in a workers' compensation case involving subrogation rights:



 (a) When the claimant is represented by an attorney, and the association's interest
is not actively represented by an attorney, the association shall pay such fee to the
claimant's attorney not to exceed one third (1/3) of said subrogation recovery . . .


 . . . .


 (b) If the association obtains an attorney to actively represent its interest and if the
attorney actively participates in obtaining a recovery, the court shall award and
apportion an attorney's fee allowable out of the association's subrogation recovery
between such attorneys taking into account the benefit accruing to the association
as a result of each attorney's service, the aggregate of such fees not to exceed
thirty-three and one-third percent (33 1/3%) of the subrogated interest. (1)


 This statute provides for three instances in which an attorney might recover fees
based upon a subrogation recovery. (2) Two of these are implicated here:  1) where an insurer's
attorney has not actively represented the insurer in the recovery of the subrogation amount; and
2) where an insurer's attorney has actively represented the insurer and has actively contributed
to the subrogation recovery.

 In the following findings of fact, the trial court implicitly found that the City
attorney did not actively represent the City in the negotiations leading to the settlement:


 5. The negotiations which ultimately led to settlement of the claim by Plaintiff
against Defendant were between Linda Janowski individually and
representatives of Defendant, and between Linda Janowski's attorneys and
representatives of Defendant. 


 6. Attorneys for Intervenor City of Austin did not negotiate any element of the
ultimate settlement leading to entry of judgment herein.


 8. No substantial benefit accrued to Intervenor City of Austin as a result of the
representations of its attorneys herein. 


 9. Recovery by Intervenor City of Austin of its worker's compensation
subrogation lien, and avoidance by Intervenor City of Austin of its obligation
to pay worker's compensation benefits to Plaintiff in the future, is exclusively
the result of the representation of Plaintiff's attorney.



Because its attorney did not actively represent the City, under § 6a(a), any award of attorney's
fees should be made wholly to the claimant's attorney. The City contends, however, that its
attorney did actively represent it and did participate in the settlement negotiations. If so, then §
6a(b) applies, requiring an award of fees to be apportioned between the worker's attorney and the
City Attorney according to the value of each attorney's services. The City argues that because
the trial court's judgment did not apportion any fees to the City, it failed to take into account the
contributions of each attorney. Even if the City's attorney could be said to have actively
represented its interests here, we do not think the trial court erred in apportioning all attorney's
fees to Weldon. 

 The trial court's assessment of the respective contributions of each attorney may
only be reviewed for an abuse of discretion. Vanguard Ins. Co. v. Humphrey, 729 S.W.2d 344,
347-48 (Tex. App. 1987, writ ref'd n.r.e.). The record contains evidence of each attorney's
contribution toward the City's recovery of its subrogation. Weldon filed suit against Capital
Metro, drafted interrogatories and requests for production, analyzed Capital Metro's responses,
and helped Janowski respond to Capital Metro's interrogatories and requests for production. He
also negotiated certain discovery disputes. The City, in contrast, did not participate in the
settlement negotiations, other than refusing to negotiate a reduced recovery on its subrogation
claim. 

 The City relies upon University of Tex. Sys. v. Melchor, 696 S.W.2d 406 (Tex.
App. 1985, writ ref'd n.r.e.), to justify its attorney's lack of involvement in the case:



If the subrogation attorney makes known his readiness to participate fully with the
claimant's attorney and his offer of services is ignored or discouraged, then filing
the necessary intervention papers, offering proof of the subrogee's damages, and
participating to the limited extent possible is all that can be expected of him.



Id. at 409. It fails to point out, though, that liability was contested in Melchor, and thus more
investigation and research was required in preparation for trial. Here, however, the only issue
to be resolved was the settlement amount. On this basis, we think Melchor is distinguishable.

 The City also cites Melchor to justify its attorney's lack of initiative:



Under the circumstances of uncontested liability the subrogation attorney is
relatively limited as to what he can do to participate actively in the case. His
duties largely consist of filing a plea of intervention, offering proof of the amount
expended by the insurance company, and discussing with the claimant's attorney
and the third-party whether to reduce the amount of the subrogated claim for
settlement purposes.



696 S.W.2d at 409 (emphasis added). We do not find this persuasive.

 Although the subrogation attorney's role is limited, the City Attorney here did little
more than file a plea in intervention and attend a deposition. The City refused to negotiate the
amount of its subrogated claim, even though testimony indicated reduction of such claims is
common. The City Attorney also failed to stay abreast of the negotiation proceedings; in fact,
news of the settlement came as a surprise to her. In spite of this, the City argues that the
attorney's fees should be apportioned between the two attorneys according to the relative merits
of each counsel's actions. However, determination of the merits of each attorney's action is left
to the discretion of the judge, and here the trial court did not exceed or abuse its discretion. 

 Section 6a(b) directs the court to apportion attorney's fees between attorneys
"taking into account the benefit accruing to the association as a result of each attorney's services." 
 The City asserts that Capital Metro's initial offer of $75,000 would have allowed full recovery
of its subrogation claim. Therefore, even though Weldon benefitted Janowski by negotiating the
$95,000 settlement, he did not benefit the City. The City argues that Insurance Co. of N. Am.
v. Steubing, 594 S.W.2d 565 (Tex. Civ. App. 1980, writ ref'd n.r.e.) prohibits apportioning any
attorney's fees based on the subrogation claim to claimant's attorney in this situation where the
City did not benefit from the negotiated settlement. The City's reliance on Steubing is misplaced. 
The court found that Steubing's attorney benefitted the association even though the amount of its
subrogation recovery was not increased:



It was only after having made their investigation, having briefed the law, and
having done all the things proper to be done by an attorney skilled in the somewhat
specialized field of our Workers' Compensation Act, that the attorneys were able
to present the situation to their client, Mrs. Steubing.



594 S.W.2d at 568. 

 Likewise, Weldon's efforts here benefitted the City of Austin. When he took the
case, Janowski had rejected Capital Metro's initial settlement offer. Even though the City had an
excellent chance of recovering its subrogation interest, Janowski could have sued and recovered
nothing. Weldon's services in negotiating the final settlement and making his client understand
that it was in her best interest to accept the settlement allowed the City to recover its subrogation. 


 The City contends that the trial court incorrectly focussed on whether the City
Attorney's representation benefitted Janowski. Specifically, the City points to the record where
the trial court asked the City's attorney what she did to benefit the claimant. The City argues that
this proves the trial court apportioned the attorney's fees acccording to the benefit rendered to
Janowski instead of the benefit rendered to the City. This contention is without merit. Findings
of fact 8 and 9 reveal that the trial court measured the benefit accruing to the City from Weldon's
efforts. 

 We cannot say the trial court arbitrarily applied the wrong standard or followed
no guiding principle in deciding to apportion all of the attorney's fees on the City's subrogation
recovery to claimant's attorney. We overrule points of error one through six. 


III.  Future Medical Expenses

 In its final point of error, the City challenges the inclusion of its relief from liability
for future medical expenses as part of its subrogation recovery for the purpose of calculating
attorney's fees. The City contends that the legislature never intended to allow recovery of
attorney's fees based on future savings to the association. As support for this position the City
looks to the recent recodification of the Texas Workers' Compensation Act: 


 For purposes of determining attorney's fees under this section, only
the amount recovered for past benefits and medical expenses paid
by the insurance carrier may be considered.



Tex. Rev. Civ. Stat. Ann. art. 8308-4.05(g) (1992). 

 The City is correct that, under the current law, attorney's fees may no longer be
calculated on a savings of future medical expenses. However, the City has overlooked that
portion of the Workers' Compensation Act stating that "[t]he change in law made by this Act
applies only to an injury for which the date of injury is on or after the effective date of this Act."
1989 Tex. Gen. Laws, ch. 1, § 17.18(c), at 122. Janowski's injury occured prior to the statute's
effective date, thus we look to former art. 8307, as well as the case law interpreting that statute,
to resolve the issue. 

 In Chambers v. Texas Employers Insurance Association, 693 S.W.2d 648 (Tex.
App. 1985, writ ref'd n.r.e.), the court held that in awarding attorney's fees a trial court cannot
determine "the true benefit accruing to the association as a result of the services of the claimant's
attorney unless it considers both the amount previously paid by the carrier and the liability for
future payments for which the carrier has been relieved." Id. at 650. 

 This court endorsed the Chambers approach to future benefits in Ischy v. Twin City
Fire Insurance Co., 718 S.W.2d 885, 888 (Tex. App. 1986, writ ref'd n.r.e.). We held that
future benefits are part of the carrier's subrogation interest because they act as an advance against
future payments. Thus we hold today that the trial court did not err by basing its award of
attorney's fees in part on the association's relief of liability for claimant's future medical expenses
due to the settlement. We overrule the seventh point of error, and affirm the district court's
order.

 

 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  March 4, 1992

[Publish]
1. See 1985 Tex. Gen. Laws, ch. 326, Sec. 1, § 6a (a)(b), at 1387-88 (Tex. Rev. Civ. Stat.
Ann. art. 8307, since repealed and reenacted at Tex. Rev. Civ. Stat. Ann. art. 8308-4.05 (Supp.
1992)). Unless otherwise noted, all statutory references will be to former art. 8307.
2. § 6a has been held to apply in three situations:

 

 1) where the insurer has an attorney but he does not actively
represent it;


 2) where the worker's attorney represents both the worker and
the insurer;


 3) where the insurer has an insurer has an attorney who
actively represents it and participates in obtaining a
recovery.


Hartford Ins. Co. v. Branton & Mendelsohn, Inc., 670 S.W.2d 699, 701 (Tex. App. 1984, no
writ), quoting International Ins. Co. v. Burnett & Ahders, Associated, 601 S.W.2d 199, 201 (Tex.
Civ. App., writ ref'd n.r.e.).