IHOP v. New Braunfels 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00413-CV







IHOP Realty Corp., John Baird, and J. Ken Masuda, Appellants



v.



New Braunfels Factory Outlet Center, Inc.; Edward K. Kopplow;


and Rob Eversberg, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C91-591C, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM



 On remand from this Court, the trial court held a hearing to reexamine the
disposition of attorney's fees between appellants IHOP Realty Corp., John Baird, and Ken
Masuda, and appellees New Braunfels Factory Outlet Center, Inc.; Edward Kopplow; and Rob
Eversberg. (1) See New Braunfels Factory Outlet Ctr., Inc. v. IHOP Realty Corp., 872 S.W.2d 303,
312 (Tex. App.--Austin 1994, no writ). From the trial court's judgment ordering each side to bear
its own attorney's fees, IHOP, Baird, and Masuda bring two points of error. We will affirm the
trial court's judgment.

BACKGROUND


 The parties' dispute arose from New Braunfels' sale of part of a tract of land to
IHOP to use for a restaurant. The contract for sale contained a clause prohibiting the use of the
adjoining property "for any kind of family-oriented, coffee shop styled restaurant that would
directly compete with IHOP's restaurant," and identifying specific objectionable restaurants. The
contract also required this use restriction to be incorporated into the general warranty deed
conveying the land to IHOP. The language of the restriction that appeared in the deed, however,
was not identical to that in the contract, as it only prohibited "any kind of family-oriented coffee
shop or restaurant that would directly compete." This latter version also appeared in the grant
of easements and restrictions, or restrictive covenant, that Kopplow and Eversberg agreed to
extend to the adjoining property.

 When IHOP, citing the restrictive covenant, refused to consent to a sale of part of
the remaining property to Cracker Barrel Old Country Store, New Braunfels sued IHOP and two
of its employees, John Baird and Ken Masuda. (2) New Braunfels sought to void the restrictive
covenant for lack of consideration; sought to reform the covenant based on mutual mistake or
fraud; sought damages based on breach of contract, breach of express and implied warranties,
fraud, misrepresentation, negligent misrepresentation, and negligence; requested declaratory
relief; and sought attorney's fees.

 IHOP denied liability and asserted the affirmative defenses of waiver and estoppel. 
IHOP also counterclaimed against New Braunfels seeking damages for breach of the restrictive
covenant, a declaratory judgment, sanctions, and attorney's fees.

 At trial, the jury agreed with New Braunfels that the difference in wording between
the contract and the restrictive covenant resulted from a mutual mistake, but rejected the
remainder of New Braunfels' claims. The jury's remaining findings were favorable to IHOP,
including findings that both versions of the restrictive language prohibited a sale to Cracker Barrel
and that New Braunfels was estopped to seek reformation of the restrictive covenant based on the
mutual mistake. The trial court ordered that New Braunfels take nothing and that it pay IHOP's
attorney's fees and costs.

 On appeal, this Court determined that, because no evidence supported the jury's
finding of estoppel, New Braunfels was entitled to have the restrictive covenant reformed to
reflect the language in the contract. The Court upheld the jury's failure to find that the restrictive
covenant, as reformed, permitted a sale to Cracker Barrel. We also rejected several evidentiary
challenges brought by New Braunfels. This Court accordingly reversed that part of the trial
court's judgment denying reformation; rendered judgment reforming the restrictive covenant; and
affirmed that part of the judgment finding that the restrictive covenant, as reformed, prohibited
a sale to Cracker Barrel. In light of these rulings, we remanded the portion of the cause
concerning attorney's fees to the trial court for reexamination. Id. The trial court on remand did
not specify the basis for its judgment ordering each side to pay its own attorney's fees. 



DISCUSSION


 In its first point of error, IHOP contends that the trial court erroneously failed to
award it attorney's fees as the prevailing party under the parties' contract. An award of attorney's
fees rests in the sound discretion of the trial court, and its judgment will not be reversed absent
a clear showing that it abused its discretion. City of Austin v. Janowski, 825 S.W.2d 786, 788
(Tex. App.--Austin 1992, no writ).

 An abuse of discretion implies more than an error in judgment; the trial court's
decision must be arbitrary or unreasonable. Landry v. Traveler's Ins. Co., 458 S.W.2d 649, 651
(Tex. 1970). A trial court's action is unreasonable only if the court acted without reference to any
guiding rules and principles. Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986);
Downer v. Aquamarine Operators Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986). Further, the appellate court must review the evidence in the light most
favorable to the action of the trial court. Janowski, 825 S.W.2d at 788; Parks v. U.S. Home
Corp., 652 S.W.2d 479, 485 (Tex. App.-- Houston [1st Dist.] 1983, writ dism'd). As long as
some evidence supports the trial court, its decision is justified. Janowski, 825 S.W.2d at 788. 
The appellate court cannot substitute its judgment for the that of the trial court as long as the trial
court did not abuse its discretion. Landry, 458 S.W.2d at 651. 

 The contract for sale between New Braunfels and IHOP requires that "the
prevailing party in any legal proceeding against the other party to this contract brought under or
with relation to this contract or transaction shall be additionally entitled to recover court costs and
its reasonable attorney's fees from the nonprevailing party."

 IHOP claims that as the prevailing party against New Braunfels in litigation under
the contract, the trial court should have awarded it attorney's fees. We believe, however, that
both sides prevailed in this litigation. The two principal issues in this dispute were whether the
language of the restrictive covenant should be reformed and whether the language as reformed
prohibited the sale to Cracker Barrel. While resolving the proposed sale to Cracker Barrel was
of immediate importance in this particular suit, reforming the restrictive covenant potentially
affects future dispositions of the property. This Court gave weight to the issue of reformation
when we wrote in our opinion that "even if reforming the restrictive covenant would not alter the
outcome of this case, we cannot say that it therefore could not affect the outcome of any case in
the next thirty years, the length of time that the restrictive covenant is effective." 872 S.W.2d at
307 (emphasis in original).

 In our judgment in the first appeal, we ordered New Braunfels to pay two-thirds
of all costs and ordered IHOP to pay one-third. By making this division, we recognized that each
side won something; the proportion of costs imposed shows that while the issue whether the sale
to Cracker Barrel was prohibited was the more significant issue, the issue of reformation was also
significant. Reforming the restrictive covenant, the issue on which New Braunfels prevailed, is
not so insignificant that the trial court abused its discretion by failing to award attorney's fees to
IHOP.

 IHOP also argues under this point that the trial court erroneously failed to award
it attorney's fees under the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code
Ann. § 38.001 (West 1986). To recover attorney's fees under this statute, the claimant must
present its claim to the opposing party, with payment for the amount due remaining untendered
during the next thirty days. Id., § 38.002 (West 1986). IHOP does not show where in the record
it alleged or proved presentment, nor does it assert that it presented its claim. Having failed to
show its entitlement to attorney's fees under section 38.001, IHOP has not demonstrated error. 
We overrule point one.

 In its second point of error, IHOP contends that the trial court abused its discretion
by failing to award it attorney's fees under the Declaratory Judgments Act. Uniform Declaratory
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986). Again, the grant or
denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial
court, and its judgment will not be reversed on appeal absent a clear showing that it abused that
discretion. Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).

 New Braunfels requested a declaratory judgment stating the rights and obligations
of the parties, removing the ambiguity the documents presented, and removing the uncertainty and
cloud that the dispute had placed on the adjoining tract. In its counterclaim, IHOP sought a
declaratory judgment on two issues: (1) that the effective language of the restrictive covenant was
contained in the grant and was incorporated into the deed to IHOP; and (2) that under the terms
of the contract, deed, and grant, IHOP had no duty to consent to any proposed sale of the
adjoining property.

 The meaning of IHOP's first issue is unclear, but because the reformation this
Court ordered replaced the language of the restrictive covenant with that in the contract, we
cannot say that IHOP prevailed. While IHOP established that it had no duty to consent to the
particular sale proposed to Cracker Barrel, it obtained no adjudication as to future sales. As
discussed above, New Braunfels succeeded in having the ambiguity in the documents resolved.

 An award of attorney's fees under the Declaratory Judgments Act need not be
determined by who prevailed. Tanglewood Homes Ass'n, Inc. v. Henke, 728 S.W.2d 39, 45 (Tex.
App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.); District Judges v. Commissioners Court, 677
S.W.2d 743, 746 (Tex. App.--Dallas 1984, writ ref'd n.r.e.). A trial court does not abuse its
discretion under the Act by ordering each side to pay its own attorney's fees in recognition that
both sides have legitimate rights to pursue. United Interests, Inc. v. Brewington, Inc., 729
S.W.2d 897, 906 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Under the
circumstances, the trial court here could have considered it equitable and just that each side bear
its own attorney's fees. We therefore overrule point two.

 We affirm the judgment of the trial court.



Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: July 12, 1995

Do Not Publish
1. New Braunfels Factory Outlet Center, Inc., is a corporation owned by Edward Kopplow and
Rob Eversberg. We will refer to the three collectively as "New Braunfels."
2. Hereinafter, the word "IHOP" will refer to IHOP Realty Corp., John Baird, and Ken
Masuda.