**Larry ROWAN, Plaintiff**

v.

**ZURICH AMERICAN INSURANCE COMPANY and Jo Evelyn Haussler, Defendants.**

No. 6:06CV547.

United States District Court,
E.D. Texas,
Tyler Division.

Aug. 14, 2007.

Luke Frederick Bickham, Negem Bickham & Worthington, Tyler, TX, for Plaintiff.

Melissa Nance Murrah, Kelly Smith & Murrah, Christopher Weldon Martin, Richard Andrew Schulz, Martin Disiere Jefferson & Wisdom, Houston, TX, Michael Edwin Jones, Earl Glenn Thames,

Jr., James Matthew Rowan, Potter Minton PC, Tyler, TX, for Defendants.

## MEMORANDUM ORDER AND OPINION

DAVIS, District Judge.

Before the Court is Rowan's motion for attorney's fees pursuant to Texas Labor Code section 417.003 (Docket No. 36). Having considered the parties' briefs and arguments presented at the July 11, 2007 hearing, the Court **GRANTS** Rowan's motion.

### BACKGROUND

Larry Rowan was severely injured while working for his employer on May 6, 2006, when Jo Evelyn Haussler ran a red light and struck Rowan's vehicle. Haussler was insured by State Farm for $50,000. Rowan was covered by two insurance policies held by his employer: a worker's compensation policy and a one million dollar underinsured motorist ("UIM") policy—both issued by Zurich American Insurance Company. These policies had different underwriters and were administered by different Zurich employees.

Rowan retained the firm of Negem, Bickham & Worthington ("Negem") as counsel on June 6, 2006. Negem notified State Farm of Rowan's claim against Haussler on June 8, 2006; Negem also conducted an investigation of the crash site and Rowan's vehicle.

State Farm offered Rowan the $50,000 limit of Haussler's policy on June 12, 2006. Pl.'s Hr'g Exh. 2. Rowan did not accept the offer at that time. On June 28, Negem wrote to Dan Horrell—a Zurich adjuster—informing Horrell of the workers' compensation and UIM policy claims. Pl.'s Hr'g Exh. 3. Negem also included a copy of State Farm's June 12, 2006 letter establishing Haussler's inadequate insurance. Pl.'s Hr'g Exh. 3. Horrell responded the same day and requested various information from Negem relevant to Rowan's workers' compensation claim. Pl.'s Hr'g Exh. 4. The Zurich worker's compensation policy paid for Rowan's medical bills. Those payments created a statutory lien in favor of the Zurich workers' compensation carrier. On June 28, 2006 Rowan's medical bills totaled $334,768. The workers' compensation lien eventually totaled $363,078.31. Pl.'s Hr'g Exh. 5.

Negem wrote Elaine Cothran—a Zurich UIM adjuster—and informed her of the workers' compensation claim on July 10, 2006. Pl.'s Hr'g Exh. 6. The UIM and workers' compensation policies had different underwriters and therefore had potentially diverging obligations to their respective insurers.[1]

On October 26, 2006 Negem formally demanded the UIM policy limits from Cothran. Pl.'s Hr'g Exh. 8. Negem stated in the letter that Rowan would sue Zurich UIM for the policy limits and for breach of good faith and fair dealing if Zurich UIM did not tender the policy limits. Pl.'s Hr'g Exh. 8. On November 14, 2006, Negem wrote to Zurich UIM and informed them that suit would be filed against Zurich UIM on November 17, 2006 unless the policy limits were tendered. Pl.'s Hr'g Exh. 9.

On November 17, 2006 Zurich Workers' Compensation retained the firm of Kelly, Smith & Murrah ("Kelly") as counsel. Kelly filed suit in federal court for Zurich Workers' Compensation as subrogee of Rowan against Haussler and forwarded a

1. At the hearing, Zurich admitted that the UIM and workers' compensation adjusters had duties to their underwriters that could lead to a Zurich UIM adjuster refusing to pay a lien claimed by a Zurich workers' compensation adjuster.

copy of the complaint to Zurich UIM on December 6, 2006 along with a "request" that Zurich UIM send Zurich Workers' Compensation a check for the lien amount. Def.'s Hr'g Exh. 12.

Negem filed Rowan's suit against Zurich UIM and Haussler on November 22, 2006 in state court. The suit alleged a breach of good faith and fair dealing by Zurich UIM, and Zurich's answer was due on December 14, 2006. On December 14, 2006, Zurich UIM sent Negem a letter tendering the UIM policy limits pursuant to a purported settlement with Kelly; Zurich UIM paid Kelly $363,078.31 to satisfy the workers' compensation carrier lien and paid Rowan $636,921.69. Def.'s Hr'g Exh. 17. Zurich removed Rowan's case to this Court on December 20, 2006, the day before a scheduled hearing in state court on the issue of statutory attorneys' fees payable out of the workers' compensation lien recovery.

## APPLICABLE LAW

■ The Texas Workers' Compensation Act provides for attorneys' fees for representation of a worker's compensation insurance carrier's interest in a third-party action. TEX. LAB.CODE ANN. § 417.003 (2005). A worker's compensation insurer must pay a claimant's attorneys' fees for a

subrogation recovery in three situations: 1) where the insurer's interest is not actively represented by an attorney in recovering the subrogation amount, 2) where a single attorney represents both the claimant and the carrier, and 3) where a carrier's attorney has actively represented the insurer and has actively participated in obtaining a recovery.[2] *City of Austin v. Janowski,* 825 S.W.2d 786, 789 (Tex.App.-Austin 1992, no writ).

■ A carrier's interest is actively represented if the "insurer's attorney took steps, adequate when measured by the difficulty of the case, toward prosecuting a claim." *Hartford Ins. Co. v. Branton & Mendelsohn, Inc.,* 670 S.W.2d 699, 702 (Tex.App.-San Antonio 1984, no writ). If the carrier's interest is not actively represented, a court shall award a reasonable fee to a claimant's attorney for recovering the carrier's interest out of the carrier's recovery, even in the absence of an agreement between the attorney and the carrier.[3] TEX. LAB.CODE § 417.003(a).

A court shall award and apportion a fee payable out of the subrogation recovery between the claimant's and the carrier's attorneys if the carrier's attorney both "actively represented" the carrier's interest and "actively participated in obtaining a recovery."[4] TEX. LAB.CODE § 417.003(c).

2. In relevant part, § 417.003 is substantively identical to prior statutes. *See* TEX.REV.CIV. STAT. ANN. art. 8307 § 6a, repealed and reenacted at TEX REV.CIV. STAT. ANN. art. 8308–4.05 (Supp.1992).

3. Section 417.003(a) provides that: [a]n insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:
  (1) a reasonable fee for recovery of the insurance carrier's interest that may not ex-

ceed one-third of the insurance carrier's recovery; and
a proportionate share of expenses.

4. Section 417.0003(c) provides: [i]f an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery. In apportioning the award, the court shall consider the benefit accruing to the insurance carrier as a result of each attorney's service. The total attorney's fees may not exceed one-third of the insurance carrier's recovery.

The court "shall consider the benefit accruing to the insurance carrier as a result of each attorney's service" in apportioning the award. *Id.*

## ANALYSIS

■ The Zurich workers' compensation carrier must pay Negem a fee out of the lien amount if Zurich was not actively represented in recovering the lien. *See* TEX. LAB.CODE ANN. § 417.003(a). Kelly's actions on behalf of the Zurich workers' compensation carrier did not amount to an active representation in recovering Zurich's lien.

Rowan hired Negem on June 6, 2006. Negem forwarded State Farm's offer letter to Zurich on June 28, 2006, therefore Zurich was aware that Haussler's limits were insufficient to cover their lien, that State Farm had offered Haussler's policy limits, and that Negem was pursuing Rowan's claims. Zurich did not retain counsel[5] to secure its lien at that time, instead Zurich chose to "free ride" on Negem's efforts until November 17, 2006.

By the time Kelly was hired, Negem had established that Rowan's damages clearly met or exceeded the one million dollar value of the UIM policy. Negem therefore necessarily also established that the Zurich workers' compensation carrier was entitled to the full value of its lien. Negem had also secured State Farm's offer of Haussler's policy limits. Zurich did not contradict Negem's statement—made at the hearing—that Kelly was not hired until after Negem notified Zurich that Negem would be seeking maximum statutory attorneys' fees. Once hired, Kelly merely duplicated Negem's prior efforts. The only action that Kelly took before Negem

was to sue Haussler as subrogee of Rowan. That suit was not adequate to recover the lien because Haussler's $50,000 policy limits were inadequate to satisfy the worker's compensation lien. Furthermore, Zurich knew in June of 2006 that State Farm had already offered Haussler's policy limits to Negem.

Zurich's argument that Kelly could not sue on the UIM policy—and that therefore Kelly's actions amounted to an active representation—is without merit. Zurich argued that it "could not sue itself" and therefore Kelly could not file suit seeking the lien from the Zurich UIM policy. However, Zurich admitted at the hearing that the different Zurich policies have different underwriters and therefore potential for conflict between Zurich carriers exists. Such a conflict could lead to litigation in which one Zurich carrier sues another Zurich carrier as subrogee. Furthermore, under Texas Labor Code 417.001, the Zurich workers' compensation carrier could "enforce the liability of the third party in the name of the injured employee." In fact, Zurich did sue Haussler as subrogee of Rowan. Zurich was not without recourse against the UIM policy, it simply chose not to take any action until Negem notified Zurich that he would be seeking statutory attorneys' fees.

■ Negem and Zurich did not have an agreement for payment of attorneys' fees, and therefore Negem is entitled to a court-awarded, reasonable fee payable out of the lien recovery. *See* TEX. LAB.CODE ANN. § 417.003(a). Rowan paid Negem a fee of one-third of his recovery; it is reasonable for Zurich to pay Negem a recovery fee of one-third of the lien amount. A lesser fee

---

**5.** Prior to November 17, 2006, the only steps Zurich took to secure its lien was to send letters to State Farm, Negem, and Cothran notifying them of the workers' compensation lien and stating that Zurich was "pursuing" its subrogation interests. Def.'s Hr'g Exhs. 2–4.

would amount to an undeserved windfall to Zurich for "free-riding" on the efforts of Negem. Negem failed to plead his expenses in obtaining the recovery, and therefore has waived recovery of a proportionate share of these expenses from Zurich.

Zurich argues that Negem should receive only a small fee, if any, because Rowan's case was simple. At the hearing, the parties agreed that Haussler's liability was clear and that Rowan's injuries were at or above the UIM policy limits. The Zurich UIM policy limits were tendered within seven months of the accident. The statute-at-issue, however, does not direct a fee based on case complexity. Statutory fees are based on efforts in obtaining recovery of a workers' compensation lien. *See Vanguard Ins. Co. v. Humphrey*, 729 S.W.2d 344, 347 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (affirming award of full statutory fees and stating that apportionment of fees is fact-intensive and "requires an assessment of the contributions of each attorney towards *recovery of the subrogation amount")* (emphasis added). Here, the record shows that Negem established Rowan's damages—and by extension, recovery of the lien—before Kelly was hired. Negem investigated the accident, first contacted State Farm and established that Haussler's insurance was woefully inadequate to satisfy either the workers' compensation lien or Rowan's claim, first contacted Zurich UIM, sent the first *formal demand to Zurich UIM,* and was the *only* attorney to sue Zurich UIM. The facts support an inference that Zurich UIM cooperated with the Zurich workers' compensation adjusters and Kelly in delaying settlement to give Kelly an opportunity to go through the motions of obtaining a settlement with Zurich UIM. Significantly,

Zurich UIM's delay in settling ended the same day Zurich UIM's answer to Rowan's lawsuit was due. Rowan's suit alleged bad faith on Zurich UIM's part, which increased Zurich UIM's potential liability beyond the policy limits. Kelly's actions therefore did not constitute adequate steps towards recovering the lien amount. *See Branton & Mendelsohn,* 670 S.W.2d at 702.

Zurich argues that Negem did not represent Zurich because Negem challenged the lien's validity and amount. But, the plain language of the statute does not require that Negem "actively represent" Zurich—it states that an insurance carrier must pay the claimant's attorney a fee *unless* the carrier is actively represented by its own attorney. *See* Tex. Lab.Code Ann. § 417.003(a). Furthermore, although Negem did not represent the workers' compensation carrier, Negem's actions recovered the lien from the Zurich UIM policy. Negem's subsequent challenge [6] of the lien amount does not invalidate the recovery.

In the alternative, Negem is entitled to the same fee even if Kelly's actions amounted to an active representation and active participation in recovering the lien. *See* Tex. Lab.Code Ann. § 417.003(c). Kelly's actions were duplicative of Negem's efforts and most likely served only to delay Zurich's receipt of it lien amount. The facts support an inference that Zurich retained Kelly to avoid paying Negem a statutory attorneys' fee. The statute is directed to awarding fees to attorneys who participate in *recovery* of a lien-not to attorneys who try to help a client insurance carrier avoid paying fees to a claimant's attorney. Kelly's participation in recovering the lien—even if active—was de minimus and accrued no benefit to Zurich in

**6.** Zurich UIM tendered the policy limits on December 14, 2006. Negem challenged the

lien on December 20, 2006 in an amended motion in state court. Def.'s Hr'g Exh. 26.

recovering the lien. Accordingly, Kelly is entitled to no portion of the fee.

### CONCLUSION

The Court **GRANTS** Rowan's motion for attorneys' fees (Docket No. 36) and **ORDERS** Zurich American to pay Rowan's counsel a fee of one-third of the subrogation lien at issue.