# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00480-CV

**Roger Wisard and Katherine Armstrong, Appellants**

**v.**

**Henry Koenig and Janis Koenig d/b/a Rio Vista Resort, Appellees**

---

**FROM THE COUNTY COURT OF LLANO COUNTY**
**NO. 02224, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a bench trial in a breach of contract case. The issue presented is whether the trial court abused its discretion by awarding attorney's fees to a prevailing party whose net recovery on a counterclaim was zero. We will affirm the judgment.

### BACKGROUND

The parties agree that they entered into a valid contract. Roger Wisard and Katherine Armstrong sued Henry Koenig and Janis Koenig d/b/a Rio Vista Resort ("the Resort"), alleging breach of contract and other causes of action. The Resort counterclaimed, alleging that Wisard and Armstrong breached the contract. The judgment reflects that a jury was waived. The trial court ruled in favor of the Resort, against Wisard and Armstrong, and awarded the Resort attorney's fees.

The record on appeal is slim at best. There is no reporter's record of the trial testimony or any evidence introduced. We were not provided a copy of the parties' contract or its

terms. There are no findings of fact or conclusions of law, other than recitations in the judgment, and none were requested. We have only a clerk's record, consisting of each party's pleading and the court's judgment, and a partial reporter's record, consisting of testimony the Resort designated in support of its claim for attorney's fees and the arguments as to those fees. *See* Tex. R. App. P. 34.6 (c)(2) (allowing parties other than appellant to designate portions of testimony for inclusion in reporter's record).

From the pleading allegations and briefs, it appears that Wisard and Armstrong entered into a contract with the Resort to use its premises and hotel rooms for a wedding during the 2011 Memorial Day weekend. They paid the Resort several nonrefundable deposits, then informed the Resort on April 30 that they would not use all the facilities previously reserved. The dispute revolved around whether, based on their contract and any modification, the Resort owed Wisard and Armstrong any refund from the deposits they had made or whether Wisard and Armstrong owed the Resort more money due to their late cancellation. Wisard and Armstrong sought a refund of $7,164 for deposits they paid on room reservations that they later cancelled. The Resort sought $5,512 for the last unpaid deposit, lost income, property damage, and other expenses. Both sides requested attorney's fees.

The trial court ruled against Wisard and Armstrong on their claims for breach of contract, promissory estoppel, and deceptive trade practices. The court's judgment expressly recited that the parties had not modified their contract, that Wisard and Armstrong were not entitled to any refund or other recovery from the Resort, and that they took nothing on their claims.

The court ruled in favor of the Resort on its breach-of-contract counterclaim. The court found that Wisard and Armstrong breached the parties' contract, but the judgment does not

2

recite any amount awarded to the Resort for recovery.[1]  Instead, the judgment recites that "the lawful and allowable credits and offsets against the award to [the Resort] cancels the amount of [the Resort's] recovery against [Wisard and Armstrong]."  Thus, the judgment indicates that the court determined the amount the Resort was entitled to recover for the breach, reduced that amount by what the court determined to be all of Wisard and Armstrong's lawful and allowable credits and offsets against that sum, and ruled that no further damages were owed to the Resort.  In effect, the Resort was awarded the money in dispute, which satisfied its claim, but was not awarded further damages.  The judgment further shows that the court awarded the Resort attorney's fees and expenses of $6,847.32.  This appeal followed.

## DISCUSSION

Wisard and Armstrong bring one issue on appeal, contending that the trial court abused its discretion in awarding the Resort attorney's fees on its counterclaim because its net recovery was zero, and therefore the Resort "took nothing."  The Resort responds that it recovered on its counterclaim and contends, among other arguments, that the appellate court cannot reverse the judgment for abuse of discretion absent a complete record.

An award of attorney's fees rests in the sound discretion of the trial court, and the judgment will not be reversed absent a clear showing that the court abused its discretion.  *City of Austin v. Janowski*, 825 S.W.2d 786, 788 (Tex. App.—Austin 1992, no writ).  A trial court abuses its discretion when it acts without reference to any guiding rules and principles.  *Downer*

---

[1]  The Resort's brief states that it was awarded damages of $5,512.00, which is the amount requested in the Resort's counterclaim, but the record contains no evidence of this amount.

3

*v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). When reviewing a trial court's decision under this standard, we must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *Aquaduct, L.L.C. v. McElhenie*, 116 S.W.3d 438, 444 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We cannot set aside the award without examining the entire record to determine whether the trial court abused its discretion in awarding fees. *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). Absent a sufficient record, we must presume that the record contains evidence to support a judgment. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). The complaining party has the burden to bring forth the record demonstrating the trial court's abuse of discretion. *Id.*; *see also Favaloro v. Commission for Lawyer Discipline*, 13 S.W.3d 831, 840 (Tex. App.—Dallas 2000, no pet.) (noting that points of error dependent on the state of the evidence cannot be reviewed without complete record and holding that appellant waived review by failing to bring complete record for review of trial court's award of attorney's fees). The complaining party must show that the trial court's judgment is arbitrary and unreasonable. *See Janowski*, 825 S.W.2d at 788.

The trial court can award attorney's fees to a prevailing party in a breach of contract case. Tex. Civ. Prac. & Rem. Code § 38.001(8). To recover fees under this statute, a litigant must (1) prevail on a breach of contract claim and (2) recover some amount of damages on the claim. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009). Attorney's fees cannot be awarded when the litigant fails to recover damages resulting from the breach. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997); *see also In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013). However, the Texas Supreme Court has held that a party need not obtain a net recovery to be entitled to recover its requested attorney's fees. *McKinley v. Drozd*,

4

685 S.W.2d 7, 10-11 (Tex. 1985) (construing predecessor to chapter 38 of Civil Practice and Remedies Code and concluding that party was entitled to attorney's fees even though its damages were offset by opposing party's counterclaim); *Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.*, 245 S.W.3d 1, 8 (Tex. App.—Waco 2007, pet. denied); *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 602-03 (Tex. App.—Dallas 1990, no writ).

Here, the judgment shows that the Resort prevailed on its breach-of-contract counterclaim and was awarded some amount of damages against Wisard and Armstrong, but "credits and offsets against the award" resulted in no net recovery. The Resort's net recovery of zero does not bar its award of attorney's fees under chapter 38. *See Drozd*, 685 S.W.2d at 10-11. Thus, Wisard and Armstrong failed to demonstrate from this limited record that the trial court's award of attorney's fees to the Resort was an abuse of its discretion.

## CONCLUSION

We overrule the issue on appeal and affirm the judgment.

_____

Marilyn Aboussie, Justice

Before Justices Goodwin, Field, and Aboussie*

Affirmed

Filed: April 17, 2015

* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).